UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CENTURYLINK COMMUNICATIONS, LLC, a Delaware Limited Liability Company,<br><br>   Plaintiff,<br><br> vs.<br><br>B & B FOUNDATION SERVICE, INCORPORATED, a South Dakota corporation,<br><br>   Defendant/Third-Party Plaintiff,<br><br>ONE CALL LOCATORS, LTD, d/b/a ELM LOCATING & UTILITY SERVICES,<br><br>   Third-Party Defendants. | CIV. 15-5074-JLV<br><br>ORDER |

Plaintiff CenturyLink Communications, LLC, ("CenturyLink") filed this action against defendant B & B Foundation Service Incorporated ("B&B"). (Docket 1). In responding to CenturyLink's complaint, B&B filed a third-party complaint against One Call Locators, LTD., d/b/a ELM Locating & Utility Services ("ELM"). (Docket 8). ELM then filed a motion for summary judgment against B&B. (Docket 14).

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its burden, the nonmoving party may not rest on

the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at p. 248. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id. However, the moving party is entitled to judgment as a matter of law if the nonmoving party failed to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at p. 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at pp. 251-52.

**FACTS**

The following recitation consists of the material facts developed from CenturyLink's complaint (Docket 1), B&B's answer and third-party complaint against ELM (Docket 8), ELM's answer to the third-party complaint (Docket 11), ELM's statement of undisputed material facts (Docket 16) and B&B's response. (Docket 21). B&B also filed a supplemental response to ELM's statement of facts (Docket 41), and ELM submitted a response. (Docket 45). Where a statement of fact is admitted by the opposing party, the court will only reference the initiating document. These facts are "viewed in the light most favorable to the [party] opposing the motion." Matsushita Elec. Indus. Co., 475 U.S. at 587.

CenturyLink "is a telecommunications company which provides interstate telecommunications services to individual and commercial users." (Docket 1 at p. 2). It provides these services in part through "a nationwide network of [underground] fiber-optic cable[s] . . . ." Id. CenturyLink's complaint against B&B alleges damage done to CenturyLink's cables located at the intersection of St. Patrick Street and South Valley Drive in Rapid City, South Dakota. Id. at pp. 2-6; (Docket 16 ¶ 1).

Muth Electric ("Muth") entered a contract with the City of Rapid City to complete traffic light installation at the intersection of St. Patrick Street and South Valley Drive. (Dockets 16 ¶ 2 & 41 ¶ 16). Muth obtained a locate ticket to permit excavation at the intersection. (Docket 16 ¶ 3; Docket 21 ¶ 3). The

3

locate ticket names Muth as the excavator. (Docket 16 ¶ 3). Muth contracted with B&B to perform the excavation. Id. ¶¶ 4-5. Before excavation started, ELM placed markings on the ground at the intersection identifying the location for the excavation. Id. ¶ 14; (Dockets 21 ¶ 14 & 41 ¶ 18).

B&B performed the excavation at the intersection specified in Muth's locate ticket. (Docket 16 ¶¶ 9-11). While excavating, B&B made contact with a telephone line. (Docket 41 ¶ 33). B&B was informed the telephone line was abandoned. Id. ¶ 34; (Docket 45 ¶ 34). Later, B&B continued excavating and struck fiber optic cables. (Docket 41 ¶ 56; Docket 8 at p. 6). CenturyLink claims it owns the fiber optic cables B&B damaged. (Docket 1 at p. 3).

**PROCEDURAL, STATUTORY AND REGULATORY BACKGROUND**

CenturyLink's complaint against B&B consists of three counts: trespass, negligence and a violation of South Dakota utilities law. (Docket 1 at pp. 2-6). As CenturyLink states, the court has diversity jurisdiction over the case because the parties are diverse and the amount in controversy exceeds $75,000. Id. at pp. 1-2; 28 U.S.C. § 1332.

B&B's answer to CenturyLink's complaint and third-party complaint against ELM sets forth its claims against ELM for equitable relief in the form of indemnification or contribution. (Docket 8 at p. 6). ELM's summary judgment motion as to B&B's claims argues B&B is not entitled to the equitable relief it seeks. (Dockets 14 & 15).

In SDCL § 49-7A-2, the South Dakota legislature established the One-Call Notification Board for excavation projects. "The one-call notification center

4

shall provide a service through which a person can notify the operators of underground facilities of plans to excavate and to request the marking of the facilities." Id. "The mission of the South Dakota One Call Board is to prevent damage to underground facilities and promote public safety, through public awareness, education, and a cost effective, efficient, dependable one-call service." 2017 Operations Manual for Facility Operators and Excavators, South Dakota One Call/South Dakota 811 Notification Center, at p. 2, available at http://www.sdonecall.com/excavator/ (referred to as 2017 Operations Manual); see also Docket 27-1 (the 2015 Operations Manual).

A "[r]outine locate request" is defined as "a communication between an excavator and the one-call center in which [the excavator makes] a request for locating underground facilities for excavation activity . . . ." ARSD 20:25:01:01(10). A "[t]icket" is "a document issued by the one-call notification center to operators and excavators for the purpose of locating an underground facility." ARSD 20:25:01:01(11).

## ANALYSIS

ELM argues summary judgment is proper because B&B is barred from equitable relief. (Docket 15 at pp. 4-8). ELM asserts because B&B's third party complaint advances claims based in equity, B&B must abide by the "clean hands" doctrine. Id. at p. 4. ELM contends B&B's actions during the excavation violated South Dakota law requiring the actual excavator to obtain a locate ticket, which gives B&B unclean hands and precludes it from receiving equitable relief. Id. at p. 5 (citing SDCL § 49-7A-5).

According to B&B, summary judgment is not proper because the case involves genuine disputes of material facts. (Docket 23 at pp. 3-7). B&B argues any statutory violation it may have committed does not warrant summary judgment because there is a factual dispute over the accuracy of ELM's markings at the excavation site. Id. at pp. 3-4 (citing SDCL § 49-7A-9). B&B claims there are disputed facts surrounding whether it violated South Dakota law in excavating when the locate ticket named Muth as the excavator. Id. at pp. 5-7.

As noted earlier, B&B's third party complaint is based on indemnification or, alternatively, contribution.[1] (Docket 8 at p. 6). "The law of indemnity is well settled in [South Dakota law]: indemnification arises when a party discharges a liability that equitably should have been discharged by another." Weiszhaar Farms, Inc. v. Tobin, 522 N.W.2d 484, 492 (S.D. 1994); see Jorgensen Farms, Inc. v. Country Pride Corp., 824 N.W.2d 410, 414 n.2 (S.D. 2012). "In South Dakota indemnity is an 'all-or-nothing' proposition where the party seeking indemnification must show an absence of proportionate fault to shift the entire liability . . . ." Weiszhaar Farms, 522 N.W.2d at 492; see Parker v. Stetson-Ross Mach. Co., 427 F. Supp. 249, 251 (D.S.D. 1977) ("To be entitled to indemnity, one must show 'a proportionate absence of contributing fault.' ")

---

[1]"It is, of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." In re Baycol Prods. Litig., 616 F.3d 778, 785 (8th Cir. 2010) (internal quotation marks omitted). Because the court has diversity jurisdiction over this case, and indemnification and contribution are matters of substance and not procedure, the court must apply South Dakota law. See id.

6

(quoting Degen v. Beyman, 200 N.W.2d 134, 137 (S.D. 1972), overruled on other grounds by First Premier Bank v. Kolcraft Enters., Inc., 686 N.W.2d 430 (S.D. 2004)).

While indemnity completely shifts liability from one party to another, "[c]ontribution, as authorized by [SDCL §] 15-8-12, is a device through which a portion of liability can be shifted . . . ." Parker, 427 F. Supp. at 251. "Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is proper where one party has a greater liability or duty which justly requires him to bear the whole of the burden as between the parties." Ebert v. Fort Pierre Moose Lodge No. 1813, 312 N.W.2d 119, 122 n.1 (S.D. 1981) (citing Degen, 200 N.W.2d at 136) (internal quotation marks omitted).

The core of B&B's claims against ELM is that ELM is responsible for the damage allegedly inflicted on CenturyLink's fiber optic cables. (Docket 8 at pp. 4-6). B&B believes this is because ELM made markings at the intersection directing B&B's excavation. Id.; (Dockets 21 ¶ 14 & 41 ¶ 18). According to B&B, based on the inaccuracy of ELM's markings at the excavation site, ELM and not B&B is liable for any damage done to CenturyLink's cables. (Docket 8 at pp. 4-6).

"Contribution and indemnity are both based in equity." Avera St. Luke's Hosp. v. Karamali, 848 F. Supp. 2d 1017, 1023 (D.S.D. 2012) (applying South Dakota law). "Before [a court] can apply an equitable doctrine, [it] must

determine 'whether he who seeks equity has done equity.' " Smith v. World Ins. Co., 38 F.3d 1456, 1462 (8th Cir. 1994) (quoting Prow v. Medtronic, Inc., 770 F.2d 117, 122 (8th Cir. 1985)). "This is part of the doctrine of unclean hands." Id. (internal quotation marks omitted). "A party seeking equity in the court must do equity, including entering the court with clean hands." Strong v. Atlas Hydraulics, Inc., 855 N.W.2d 133, 139 (S.D. 2014) (internal quotation marks omitted).

"Well-accepted general principles of equity support [the] contention that a statutory violation gives a party unclean hands." Metro Motors v. Nissan Motor Corp. in U.S.A., 339 F.3d 746, 750 (8th Cir. 2003) (collecting cases).[2] Under South Dakota law, "the maxim that he who comes into equity must come with clean hands, is most often utilized where granting affirmative equitable relief would run contrary to public policy or lend the court's aid to fraudulent, illegal or unconscionable conduct." Himrich v. Carpenter, 569 N.W.2d 568, 573 (S.D. 1997) (internal quotation marks omitted). Because "[p]ublic policy is found in the letter or purpose of a constitutional or statutory provision or scheme, or in a judicial decision[,]" Law Capital, Inc. v. Kettering, 836 N.W.2d 642, 645 (S.D. 2013) (internal quotation marks omitted), violating a South Dakota statute may give a party unclean hands. See Himrich, 569 N.W.2d at 573.

---

[2]"Courts in the [United States Court of Appeals for the] Ninth Circuit [also] follow this precept." POM Wonderful LLC v. Coca Cola Co., 166 F. Supp. 3d 1085, 1099 (C.D. Cal. 2016) (collecting cases).

8

ELM argues B&B has unclean hands for violating SDCL § 49-7A-5. (Docket 15 at p. 5). That statute provides:

> No excavator may begin any excavation without first notifying the one-call notification center of the proposed excavation. The excavator shall give notice by telephone or by other methods approved by the board pursuant to rules promulgated pursuant to chapter 1-26 to the one-call notification center at least forty-eight hours prior to the commencement of the excavation, excluding Saturdays, Sundays, and legal holidays of the state. The board may promulgate rules to reduce the forty-eight-hour interval for emergency or subsequent inquiries to the original locate request and may lengthen the forty-eight-hour interval for nonexcavation requests.

SDCL § 49-7A-5.

The locate ticket permitting excavation at the intersection names Muth and not B&B. (Docket 17-1; Docket 16 ¶ 3). Because B&B and not Muth performed the excavation in this case, ELM contends B&B violated the requirement in SDCL § 49-7A-5 that "[n]o excavator may begin any excavation without first notifying the one-call notification center of the proposed excavation." (Docket 15 at p. 5) (quoting SDCL § 49-7A-5).

Muth completed the process for contacting the one-call board to obtain a locate ticket pursuant to South Dakota statutes and regulations. (Docket 17-1; Docket 16 ¶ 3). When a company submits a locate request leading up to an excavation, it must include "[t]he name, address, and telephone number of the excavator doing the work . . . ." ARSD 20:25:03:04(2). Under SDCL § 49-7A-1, "excavator" is defined as "any person who performs excavation . . . ." See also ARSD 20:25:01:01 ("Terms defined in SDCL 49-7A-1 have the same meaning when used in this article."). Only Muth is named in the locate ticket authorizing

9

excavation for the traffic light project at the intersection of St. Patrick Street and South Valley Drive in Rapid City, South Dakota. (Docket 17-1). The locate ticket states, "Excavator: MUTH ELECTRIC, INC." Id. Reading the definition of "excavator" into SDCL § 49-7A-5, it is prohibited for "any person who performs excavation" to "begin any excavation without first notifying the one-call notification center of the proposed excavation." B&B—not Muth—performed the excavation in this case. (Docket 16 ¶ 11). Muth—not B&B—notified "the one-call notification center of the proposed excavation" and obtained a locate ticket in its name. SDCL § 49-7A-5. Viewing the facts surrounding the excavation in a light most favorable to B&B, the court finds B&B violated SDCL § 49-7A-5.

B&B contends it did not violate SDCL § 49-7A-5. B&B claims it excavated under Muth's ticket. (Docket 23 at pp. 5-6). B&B asserts it acted with Muth "jointly . . . as a single excavator." Id. B&B points out Muth "was present at the location at all times B&B was performing the excavation." Id. at p. 6. This argument is unconvincing. An "excavator" here is "any person who performs excavation . . . ." SDCL § 49-7A-1. Under South Dakota regulations, "[e]mergency tickets issued to the facility operator with the emergency condition may be assigned to an excavator assisting in resolving an emergency situation, but all other tickets shall be issued in the excavator's name who may not transfer or assign them . . . ." ARSD 20:25:03:08(2). Muth's locate ticket was not assignable because it was not an emergency ticket and there was not an emergency situation. See ARSD 20:25:03:04.03 (detailing the locate request

10

process in emergency situations). The definition of "excavator" and the prohibition on assigning non-emergency locate tickets proves B&B did violate SDCL § 49-7A-5.

B&B argues there is no SDCL § 49-7A-5 violation because the statute provides, "[n]o excavator may begin any excavation[,]" and B&B did not "begin" the excavation. (Docket 23 at p. 6). B&B claims Muth "identified the precise location where B&B was going to dig and began by performing some potholing, or non-destructive digging with a jet vacuum. B&B performed the heavier duty excavation with equipment." Id. As noted above, "any person who performs excavation" is an "excavator." SDCL § 49-7A-1. B&B itself states the following: "B&B performed the excavation based on Muth Electric's potholing." (Docket 23 at p. 6). Despite any preliminary work Muth did at the site, the facts establish only Muth had a locate ticket and B&B excavated. This argument does not save B&B from a statutory violation.

B&B asserts it may still seek equitable relief even if it violated SDCL § 49-7A-5. B&B states it lacks unclean hands in violating the statute because "its conduct was not unconscionable, based on a bad motive, or done only to benefit itself to the harm of [ELM.]" (Docket 23 at p. 7). B&B argues the United States Court of Appeals for the Eighth Circuit requires conduct of that nature to bar a party from equitable relief. Id. at pp. 6-7 (citing Metro Motors, 339 F.3d at 750-51). However, a party can have unclean hands "where granting affirmative equitable relief would run contrary to public policy . . . ." Himrich, 569 N.W.2d at 573. Here, violating a South Dakota statute equals violating public policy.

11

See supra at p. 8 (citing Law Capital, 836 N.W.2d at 645; Himrich, 569 N.W.2d at 573). SDCL § 49-7A-5 represents South Dakota's public policy on excavations, and B&B's violation of the statute constitutes a violation of public policy. While bad motive can give a party unclean hands, that is not required in this case because B&B's breach of SDCL § 49-7A-5 is sufficient.

The bulk of B&B's argument opposing ELM's summary judgment motion focuses on SDCL § 49-7A-9. That statute provides:

> If location markings requested by an excavator are not provided within the time specified by § 49-7A-8 or any rule promulgated pursuant to § 49-7A-8, or if the location markings provided fail to identify the location of the underground facilities in accordance with statute and rule, any excavator damaging or injuring underground facilities is not liable for such damage or injury except on proof of negligence.

SDCL § 49-7A-9. This provision limits an excavator's potential liability when markings at the excavation site "fail to identify the location of the underground facilities . . . ." Id. B&B argues summary judgment is not proper because there is a genuine dispute of material fact regarding the accuracy of ELM's markings at the excavation site. (Dockets 23 at pp. 3-5 & 40 at pp. 5-7). B&B claims "the record consists of sufficient testimony and exhibits to question the accuracy of [ELM's] location markings." (Docket 40 at p. 5). According to B&B, the excavator at this site "was required [to] keep a distance of at least 18 inches from the locate markings for the dig site . . . ." Id. "Despite digging at least 24 inches from the markings, [B&B] struck CenturyLink's facilities." Id. Accordingly, B&B asserts "ELM's measurements are not determinative, and

[B&B] has raised a genuine dispute about the accuracy of ELM's location markings." Id. at pp. 5-6.

Even if B&B is correct that this is a "genuine dispute" over facts, id., it is not a dispute material to ELM's summary judgment motion. "To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law." Kuntz v. Rodenburg LLP, 838 F.3d 923, 925 (8th Cir. 2016) (internal quotation marks omitted). South Dakota law governs this suit. See supra at p. 6 n.1. The suit involves B&B seeking affirmative equitable relief against ELM. Id.; (Docket 8 at p. 6). Because B&B brings claims based in equity, it must have "clean hands." Strong, 855 N.W.2d at 139. The point of ELM's summary judgment argument is B&B lacks clean hands because its conduct violated South Dakota law. (Docket 15 at pp. 4-7). If a factual dispute does not affect whether B&B enters the court with clean hands, it is not material because it does not "affect the outcome of the suit under the governing law." Kuntz, 838 F.3d at 925; see Black v. Moneygram Payment Sys., Inc., No. 4:15-CV-01767, 2016 WL 3683003, at *3 (E.D. Mo. July 12, 2016). A factual dispute regarding the accuracy of ELM's markings is not material because it does not affect whether B&B has clean hands.

The court found B&B violated SDCL § 49-7A-5, and B&B's arguments cannot overcome that finding. See supra at pp. 9-10. The court finds B&B does not have clean hands because B&B fails to demonstrate how it could despite its violation of South Dakota law. See Himrich, 569 N.W.2d at 573. Since a party must have clean hands to seek equitable relief, B&B may not bring

its claims for indemnification or contribution against ELM.  See Strong, 855 N.W.2d at 139.  Viewing the facts in a light most favorable to B&B, ELM is entitled to summary judgment.

**ORDER**

Based on the above reasoning, it is

ORDERED that ELM's summary judgment motion (Docket 14) is granted.

IT IS FURTHER ORDERED that B&B's third party complaint against ELM (Docket 8) is dismissed with prejudice.

Dated August 30, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE